UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| State of California, et al.,<br><br>　　　*Plaintiffs,*<br><br>　　v.<br><br>U.S. Department of Health and Human Services, et al.,<br><br>　　　*Defendants*. | Case No.: 25-12118 |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A STAY IN LIGHT OF LAPSE IN APPROPRIATIONS**

　　Plaintiff States respectfully oppose Defendants' motion for an undefined and indefinite stay in light of the lapse in appropriations. Defendants' requested relief would indefinitely delay the Court from hearing Plaintiff States' recently filed Motion for Preliminary Injunction, which describes in depth the harms the challenged provision is currently imposing on the Plaintiff States and the Public. Further, the relief requested is unnecessary given the Department of Justice's ("DOJ") own contingency plan, and it would be particularly inequitable given that the Department of Medicaid is continuing to implement the challenged provision during the lapse in appropriations. This Court's discretion to grant or deny a stay of proceedings "calls for the

1

exercise of judgment, which must weigh competing interests." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Here, the balance of interests strongly counsels against granting a stay due to the significant harms a stay would impose on Plaintiff States and the public.

A stay at this stage of proceedings risks serious and irreparable harm to Plaintiff States. Plaintiff States challenge a provision ("Defund Provision") of the recently enacted federal budget reconciliation bill that fully went into effect on October 1, 2025. The Defund Provision was designed to bar Planned Parenthood and Planned Parenthood affiliates from receiving federal Medicaid reimbursements. As detailed in Plaintiff States' pending motion for a preliminary injunction, the Defund Provision is currently imposing unrecoverable administrative costs on Plaintiff States, disrupting established healthcare ecosystems, and causing substantial short- and long-term harms to the public. *See* Memo. in Supp. of Pls' Mot. for a Prelim. Inj., Doc. No. 63, at 18. It has caused multiple Planned Parenthood Health Centers to close, health clinics across the country to turn away patients enrolled in Medicaid, and services to low-income patients to be drastically curtailed. *See id.* at 20-21. The risks of irreparable harms are especially high because it is unclear how long the lapse in appropriations will continue, meaning relief may not be available for months at which point numerous health centers will likely be forced to close due to a lack of funds, *see id*.

In their motion, Defendants do not claim that the lapse in appropriations will delay or otherwise interfere with their implementation and enforcement of the Defund Provision. Instead, they claim that "Department of Justice attorneys and employees of the federal Defendants are prohibited from working" during the lapse, "except in very limited circumstances." Mot. for Stay, Doc. 67 at ¶2. Indeed, the DOJ's own status report on the "the statutory implementation" of the Defund Provision, filed in Planned Parenthood's sister case in the First Circuit, reveals

that despite the appropriations lapse, the Department of Health and Human Services is currently in the process of implementing the Defund Provision.  *See* October 3, 2025 Status Report, *Planned Parenthood Federation of Am., Inc. v. Kennedy*, Case No. 25-1755, at 1-2 (1st Cir. Oct. 3, 2025).  And, as the DOJ acknowledged in its status report, despite the lapse in annual appropriations, the Reconciliation Act of 2025 already appropriated funding to "the Administrator of the Centers for Medicare & Medicaid Services," "[f]or the purposes of carrying out" the Defund Provision for the fiscal year 2026.  *See id.*; *see also* Pub. L. No. 119-21, 139 Stat. 72, 300.  As such, Defendants ask this Court to allow them to continue violating the Constitution during the lapse, causing direct and irreparable harm to Plaintiff States, while indefinitely preventing Plaintiff States from seeking an injunction to halt that unconstitutional conduct.  The lapse in appropriations cannot—and should not—serve as a shield for Defendants' unlawful conduct.

Further, the DOJ's own guidance authorizes the DOJ to continue work on this matter despite the lapse in appropriations.  On September 29, 2025, the DOJ issued a contingency plan setting forth its planned operations during a lapse in appropriations.  *See* U.S. Dep't of Justice, FY 2026 Contingency Plan (Sept. 29, 2025) ("Contingency Plan"), https://www.justice.gov/jmd/media/1377216/dl.  For civil litigation, the DOJ instructs its attorneys to approach the courts and request that active cases be postponed until funding is resumed.  *Id*.  But if a court denies a stay, "the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue" within the meaning of 31 U.S.C. § 1342.  *Id.*; *see also Order Denying Mot. to Stay, State of Rhode Island v. Trump, et al.,* No. 25-00128 at Doc. No. 84 (D. R.I. filed Oct. 3, 2025) (noting that "[t]he Court is required to continue its constitutional functions"); *Kornitzky Grp., LLC v. Elwell*, 912 F.3d

637, 638 (D.C. Cir. 2019) (J. Srinivasan concurring) (discussing the DOJ's largely similar 2019 Contingency Plan). In other words, "[i]f a court denies a litigator's request to postpone a case and orders it to continue, the litigation will become an excepted activity that can continue during the lapse." *See* Contingency Plan at 7. Separately, both 31 U.S.C. § 1342 and the DOJ's Contingency Plan establish that DOJ activities associated with "emergencies involving the safety of human life" may continue as "excepted" activities during a lapse of appropriations. *See* Contingency Plan at 1 (quoting 31 U.S.C. § 1342). Because federal law authorizes the payment of wages for "excepted activities" during a lapse in appropriations, any harm to Defendants' counsel would be mitigated should this Court deny a stay. *See* 31 U.S.C. § 1341(c)(2); *see also* Contingency Plan at 3 (DOJ is required to maintain civil litigation staffing at the level necessary to continue activities in proceedings that are not stayed.). A stay risks irreparable harm to the health and safety of Plaintiff States' residents. Considering the lack of harm to Defendants or their counsel, the balance of interests weighs heavily in favor of denying a stay.

Federal courts have often declined requests by the DOJ to stay proceedings due to a lapse of appropriations. For instance, "when federal appropriations lapsed in 2013, resulting in a 'shutdown' from October 1 to October 17, 2013, [the D.C. Circuit] received Government motions to stay oral argument in at least sixteen cases." *Kornitzky Grp.,* 912 F.3d at 638. In "every one of those motions," the government counsel cited the same statute that Defendants cite here, 31 U.S.C. § 1342, claiming that it prohibited them from working. *Id*. But the D.C. Circuit denied "every one of these motions," even when a stay was unopposed, "and every time, the Government then participated in oral argument." *Id.* This practice of denying motions to stay due to lapses of appropriations continued during the most recent government shutdown from December 22, 2018 to January 25, 2019. *Id.*

Multiple federal courts have already denied requests by the DOJ to stay proceedings during this current lapse of appropriations. For instance, in Planned Parenthood's sister case challenging the Defund Provision, the First Circuit denied the DOJ's motion to stay the status report deadline. *See* Order, *Planned Parenthood Federation of America v. Kennedy et al.*, No. 25-1755 (1st Cir. 2025 filed October 2, 2025). And the Ninth Circuit has ordered all DOJ attorneys to appear at every oral argument as scheduled, despite the lapse in appropriations. *See* Oct. 1, 2025 Supplemental Administrative Order, J. Murguia, https://cdn.ca9.uscourts.gov/datastore/announcements/Final-Order.pdf.

District courts have also repeatedly denied the DOJ's motions for stays due to the current lapse of appropriations. *See* Order Denying Mot. to Stay, *Guerrero Orellana v. Moniz, et al*, No. 25-12664 at Doc. No. 51 (D. Mass filed Oct. 2, 2025); Order Granting in Part and Denying in Part Mot. to Stay, *California et al v. United States Department of Agriculture et al*, No. 25-06310 at Doc. 97 (N.D. Cal. filed Oct. 3, 2025) (refusing to stay briefing on plaintiffs' motion for preliminary injunction); Order Denying Mot. to Stay, *State of Rhode Island v. Trump, et al.*, No. 25-00128 at Doc. No. 84 (D. R.I. filed Oct. 3, 2025) (denying motion to stay and citing DOJ's Contingency Plan); Order Denying Mot. to Stay, *New York, et al. v. Kennedy et. al.*, No. 25-00196 at Doc. No. 2 (D. R.I. filed Oct. 3, 2025); Order Denying Mot. to Stay, *United States v. State of Rhode Island, et. al.*, No. 14-00175 at Doc. No. 212 (D. R.I. filed Oct. 2, 2025); Order Denying Mot. to Stay, *J.P. Morgan Chase Bank v. Carver et al.,* No. 24-00478 at Doc. No. 17 (D. R.I. filed Oct. 3, 2025).

In short, this Court should exercise its discretion to deny Defendants' motion to stay proceedings, due to the harms such a stay would cause. *See Landis*, 299 U.S. at 254–55.

Date: October 6, 2025                                           Respectfully Submitted,

**ANDREA JOY CAMPBELL**
Attorney General
Commonwealth of Massachusetts

*/s/ Allyson Slater*
ALLYSON SLATER (BBO No. 704545)
*Director, Reproductive Justice Unit*
MORGAN CARMEN (BBO No. Pending)
*Assistant Attorney General*
Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, MA 02108
(617) 963-2811
Allyson.slater@mass.gov
*Attorneys for Plaintiff Commonwealth of Massachusetts*

**ROB BONTA**
Attorney General
State of California

*/s/ Erica Connolly*
ERICA CONNOLLY*
Deputy Attorney General
NELI PALMA*
Senior Assistant Attorney General
KARLI EISENBERG*
Supervising Deputy Attorney General
1300 I Street
Sacramento, CA 95814
(916) 210-7755
Erica.Connolly@doj.ca.gov
*Attorneys for Plaintiff State of California*

**LETITIA JAMES**
Attorney General
State of New York

*/s/ Galen Sherwin*
GALEN SHERWIN*
Special Counsel for Reproductive Justice
RABIA MUQADDAM*
Chief Counsel for Federal Initiatives
COLLEEN K. FAHERTY*
Special Trial Counsel
IVAN NEVADO*
Assistant Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8059
Galen.Sherwin@ag.ny.gov;
*Attorneys for Plaintiff State of New York*

**WILLIAM TONG**
Attorney General
State of Connecticut

*/s/ Alma Nunley*
ALMA NUNLEY*
Special Counsel for Reproductive Rights
JANELLE R. MEDEIROS*
Special Counsel for Civil Rights
165 Capitol Ave
Hartford, CT 06106
(860) 808-5020
Alma.Nunley@ct.gov
Janelle.Medeiros@ct.gov
*Attorneys for Plaintiff State of Connecticut*

**KATHLEEN JENNINGS**
Attorney General
State of Delaware

By: */s/ Vanessa L. Kassab*

**PHILIP J. WEISER**
Attorney General
State of Colorado

*/s/ Nora Q.E. Passamaneck*

VANESSA L. KASSAB*  
Deputy Attorney General  
IAN R. LISTON*  
Director of Impact Litigation  
JENNIFER KATE AARONSON*  
Deputy Attorney General  
Delaware Department of Justice  
820 N. French Street  
Wilmington, DE 19801  
302-683-8803  
Jennifer.Aaronson@delaware.gov  
*Attorneys for Plaintiff State of Delaware*

NORA Q.E. PASSAMANECK*  
Senior Assistant Attorney General  
Colorado Department of Law  
1300 Broadway, 10th Floor  
Denver, CO 80203  
Phone: (720) 508-6000  
nora.passamaneck@coag.gov  
*Attorneys for Plaintiff State of Colorado*

**BRIAN L. SCHWALB**  
Attorney General  
District of Columbia  

*/s/ Nicole S. Hill*  
NICOLE S. HILL*  
Assistant Attorney General  
Office of the Attorney General for the District of Columbia  
400 Sixth Street, NW  
Washington, D.C. 20001  
(202) 727-4171  
nicole.hill@dc.gov  
*Attorneys for Plaintiff District of Columbia*

**ANNE E. LOPEZ**  
Attorney General  
State of Hawaiʻi  

*/s/ Kalikoʻonālani D. Fernandes*  
KALIKOʻONĀLANI D. FERNANDES*  
Solicitor General  
DAVID D. DAY*  
Special Assistant to the Attorney General  
425 Queen Street  
Honolulu, HI 96813  
(808) 586-1360  
kaliko.d.fernandes@hawaii.gov  
*Attorneys for Plaintiff State of Hawaiʻi*

| | |
|---|---|
| **KWAME RAOUL**<br>Attorney General<br>State of Illinois<br><br>*/s/ Caitlyn G. McEllis*<br>CAITLYN G. MCELLIS*<br>Senior Policy Counsel<br>ELIZABETH MORRIS*<br>Deputy Bureau Chief, Special Litigation Bureau<br>SARAH J. GALLO*<br>Assistant Attorney General<br>Office of the Illinois Attorney General<br>115 S. Lasalle Street<br>Chicago, IL 60603<br>312-814-3000<br>Caitlyn.McEllis@ilag.gov<br>Elizabeth.Morris@ilag.gov<br>Sarah.Gallo@ilag.gov<br>*Attorneys for Plaintiff State of Illinois* | **AARON M. FREY**<br>Attorney General<br>State of Maine<br><br>*/s/ Halliday Moncure*<br>HALLIDAY MONCURE*<br>Assistant Attorney General<br>Office of the Attorney General<br>6 State House Station<br>Augusta, ME  04333-0006<br>Tel.: 207-626-8800<br>halliday.moncure@maine.gov<br>  *Attorneys for Plaintiff State of Maine* |
| **ANTHONY G. BROWN**<br>Attorney General<br>State of Maryland<br><br>*/s/ James C. Luh*<br>JAMES C. LUH*<br>Senior Assistant Attorney General<br>Office of the Attorney General<br>200 Saint Paul Place, 20th Floor<br>Baltimore, Maryland 21202<br>410-576-6411<br>jluh@oag.state.md.us<br>*Attorneys for Plaintiff State of Maryland* | **DANA NESSEL**<br>Attorney General<br>State of Michigan<br><br>*/s/ Kyla Barranco*<br>KYLA BARRANCO*<br>NEIL GIOVANATTI*<br>Assistant Attorneys General<br>Michigan Department of Attorney General<br>525 W. Ottawa<br>Lansing, MI 48909<br>(517) 335-7603<br>BarrancoK@michigan.gov<br>GiovanattiN@michigan.gov<br>*Attorneys for Plaintiff State of Michigan* |

| | |
|---|---|
| **KEITH ELLISON**<br>Attorney General<br>State of Minnesota<br><br>*/s/ Katherine J. Bies*<br>KATHERINE J. BIES*<br>Special Counsel, Rule of Law<br>445 Minnesota Street, Suite 600<br>St. Paul, Minnesota, 55101<br>(651) 300-0917<br>Katherine.Bies@ag.state.mn.us<br>*Attorneys for Plaintiff State of Minnesota* | **MATTHEW J. PLATKIN**<br>Attorney General<br>State of New Jersey<br><br>*/s/ Jessica L. Palmer*<br>JESSICA L. PALMER*<br>ELIZABETH R. WALSH*<br>Deputy Attorneys General<br>Office of the Attorney General<br>124 Halsey Street, 5th Floor<br>Newark, NJ 07101<br>(609) 696-5279<br>Jessica.Palmer@law.njoag.gov<br>Elizabeth.Walsh@law.njoag.gov<br>*Attorneys for Plaintiff State of New Jersey* |
| **RAÚL TORREZ**<br>Attorney General<br>State of New Mexico<br><br>*/s/ Amy Senier*<br>AMY SENIER<br>Senior Counsel<br>New Mexico Department of Justice<br>P.O. Drawer 1508<br>Santa Fe, NM 87504-1508<br>(505) 490-4060<br>asenier@nmdoj.gov<br>*Attorneys for Plaintiff State of New Mexico* | **AARON D. FORD**<br>Attorney General<br>State of Nevada<br><br>*/s/ Heidi Parry Stern*<br>HEIDI PARRY STERN* (Bar. No. 8873)<br>Solicitor General<br>Office of the Nevada Attorney General<br>1 State of Nevada Way, Suite 100<br>Las Vegas, NV 89119<br>HStern@ag.nv.gov<br>*Attorneys for Plaintiff State of Nevada* |
| **JEFF JACKSON**<br>Attorney General<br>State of North Carolina<br><br>*/s/ Marc D. Brunton*<br>MARC D. BRUNTON*<br>Assistant Deputy Attorney General<br>North Carolina Department of Justice<br>PO Box 629<br>Raleigh, NC 27602<br>(919) 716-0151<br>mbrunton@ncdoj.gov<br>*Attorneys for Plaintiff State of North Carolina* | **DAN RAYFIELD**<br>Attorney General<br>State of Oregon<br><br>*/s/ Christina L. Beatty-Walters*<br>CHRISTINA L. BEATTY-WALTERS*<br>Senior Assistant Attorney General<br>KATE E. MORROW<br>Assistant Attorney General<br>100 SW Market Street<br>Portland, OR 97201<br>(971) 673-1880<br>Tina.BeattyWalters@doj.oregon.gov<br>Kate.E.Morrow@doj.oregon.gov<br>*Attorneys for Plaintiff State of Oregon* |

| | |
|---|---|
| **JOSH SHAPIRO,** in his official capacity as Governor of the Commonwealth of Pennsylvania | **PETER F. NERONHA** Attorney General State of Rhode Island |

*/s/ Michael J. Fischer*
MICHAEL J. FISCHER⁑
Executive Deputy General Counsel
JENNIFER SELBER⁑
General Counsel
JONATHAN D. KOLTASH⁑
Deputy General Counsel for Healthcare
Pennsylvania Office of the Governor
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(717) 831-2847
mjfischer@pa.gov
*Attorneys for Plaintiff Governor Josh Shapiro*

*/s/ Dorothea R. Lindquist*
DOROTHEA R. LINDQUIST*
(RI Bar No. 6661)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2098
dlindquist@riag.ri.gov
*Attorneys for the Plaintiff State of Rhode Island*

**CHARITY R. CLARK**
Attorney General
State of Vermont

*/s/ Jonathan T. Rose*
JONATHAN T. ROSE*
Solicitor General
109 State Street
Montpelier, VT 05609
(802) 828-3171
jonathan.rose@vermont.gov
*Attorneys for Plaintiff State of Vermont*

**NICHOLAS W. BROWN**
Attorney General
State of Washington

*/s/ Lauryn K. Fraas*
LAURYN K. FRAAS* WSBA #53238
WILLIAM MCGINTY* WSBA #41868
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
Lauryn.Fraas@atg.wa.gov
William.McGinty@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

**JOSHUA L. KAUL**
Attorney General
State of Wisconsin

*/s/ Faye B. Hipsman*
FAYE B. HIPSMAN*
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
608-264-9487
faye.hipsman@wisdoj.gov
*Attorneys for Plaintiff State of Wisconsin*

*\*Admitted Pro Hac Vice*
*⁑ Application for pro hac vice admission forthcoming*

## **CERTIFICATE OF SERVICE**

      I, Erica Connolly, certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.
.

                                                  By: */s/ Erica Connolly*
                                                  ERICA CONNOLLY*
                                                  *Deputy Attorney General*
                                                  California Department of Justice
                                                  1300 I Street, Suite 125
                                                  Sacramento, CA 95814
                                                  Telephone: (916) 210-7755
                                                  Email: Erica.Connolly@doj.ca.gov

                                                  *Counsel for State of California*