UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STATE OF CALIFORNIA, et al., * <br> * <br> Plaintiffs, * <br> * <br> v. * <br> * <br> U.S. DEPARTMENT OF HEALTH AND * <br> HUMAN SERVICES, et al., * <br> * <br> Defendants. | Civil Action No. 1:25-cv-12118-IT |

MEMORANDUM & ORDER

October 8, 2025

TALWANI, D.J.

Pending before the court is Defendants' Motion for a Stay of Proceedings in Light of Lapse of Appropriations [Doc. No. 67]. Also pending is Plaintiffs' Motion for a Preliminary Injunction [Doc. No. 60] seeking to enjoin Defendants from implementing or enforcing Section 71113 of Pub. L. No. 119-21, § 44126, 138 Stat. 482 (2025) ("Section 71113")—which bars states from providing Medicaid reimbursements to certain "prohibited entit[ies]"—on the basis that Section 71113 violates Congress's spending power. See Mem. ISO Mot. for Preliminary Injunction 6 [Doc. No. 63]. Pursuant to the court's order granting the Parties' Joint Motion for a Briefing Schedule [Doc. No. 65], Defendants' response to Plaintiffs' Motion for a Preliminary Injunction [Doc. No. 60] is currently due no later than October 15, 2025, and Plaintiffs' reply is due no later than October 29, 2025. Elec. Order [Doc. No. 66].

In support of their stay request, Defendants state that the appropriations act funding the Department of Justice and "the majority of other Executive agencies, including the federal Defendants" lapsed on September 30, 2025. Mot. ¶ 1 [Doc. No. 67]. Defendants assert that "[a]bsent an appropriation, Department of Justice attorneys and employees of the federal

Defendants are prohibited from working, even on a voluntary basis, except in very limited circumstances . . . ." Id. ¶ 2. In light of the lapse in appropriations, Defendants seek a stay of proceedings in this case, including the briefing deadlines on Plaintiffs' pending Motion [Doc. No. 60], "until Department of Justice attorneys are permitted to resume their usual civil litigation functions." Id. ¶¶ 3–5.

"[F]ederal courts possess the inherent power to stay proceedings for prudential reasons." Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 77 (1st Cir. 2004). The court assesses the parties' competing interests when determining whether to stay proceedings. Here, the parties' interests weigh in favor of denying the Motion for Stay [Doc. No. 67].

The lapse in appropriations does not justify a stay of these proceedings. The Department of Justice's FY 2026 Contingency Plan explains that federal law "restricts the Federal Government's ability to obligate funds in advance of appropriations," and provides that the Department will only continue activities for which, *inter alia*, "there is an express authority to continue during an appropriations lapse." U.S. Dep't of Just., U.S. Department of Justice FY 2026 Contingency Plan 1 https://www.justice.gov/jmd/media/1377216/dl (last visited October 8, 2025). The Contingency Plan "assumes that the Judicial Branch will continue to operate . . . through the lapse." Id. at 3. Accordingly, the Contingency Plan directs Department litigators to "approach the courts and request that active cases . . . be postponed until funding is available." Id. If a court denies the Department's request for a stay and orders the case to continue, "the Government will comply with the court's order, which would constitute express legal authorization" for the Department to litigate that case during the lapse. See id. Where the Department has authorized attorneys to continue litigation during the lapse pursuant to a court order, denying a stay will not prejudice Defendants in this case.

On the other side, a stay would delay a determination of the merits of Plaintiffs' Motion for a Preliminary Injunction [Doc. No. 60] while Defendants move forward with implementation of the law that Plaintiffs seek to enjoin. In a Joint Status Report in related litigation in the First Circuit,[1] Defendants have indicated that the Department of Health and Human Services ("HHS") "is in the process of formulating implementation guidance" for Section 71113 and that "[n]otwithstanding the recent lapse in appropriations, the Reconciliation Act of 2025 appropriates funds . . . for fiscal year 2026 '[f]or the purposes of carrying out' Section 71113." Joint Status Report, Planned Parenthood Federation of Am., Inc. v. Kennedy, Case No. 25-1755 (1st Cir. Oct. 3, 2025) (quoting Pub. L. No. 119-21, 139 Stat. 72, 300). The Joint Status Report further states that "the recent lapse in appropriations may . . . delay the development of implementation guidance for Section 71113 . . . ," id. (emphasis added), but does not state that development has been stayed. Staying proceedings on Plaintiffs' Motion for a Preliminary Injunction [Doc. No. 60] in this case would therefore allow Defendants to continue implementing Section 71113 while delaying a determination as to whether Plaintiffs have made the requisite showing to obtain preliminary injunctive relief.

In sum, Plaintiffs' interest in proceeding in this case outweighs Defendants' interest in a stay where counsel for Defendants may continue litigating during the lapse in funding pursuant to a court order. Accordingly, Defendants' Motion [Doc. No. 67] is DENIED.

IT IS SO ORDERED.

October 8, 2025                     /s/Indira Talwani
                                    United States District Judge

---

[1] The Joint Status report was filed after the First Circuit denied Defendants' request for a stay in that appeal. See Order, Planned Parenthood Federation of Am., Inc. v. Kennedy, Case No. 25-1755 (1st Cir. Oct. 2, 2025).